12-2040-cv
*Corbeil v. Blood*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand thirteen.

PRESENT:

DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
                                *Circuit Judges*,
LEWIS A. KAPLAN,
                                *District Judge*.[*]

_____

KELLI L. CORBEIL,
                                *Plaintiff – Appellant*,

    -v.-                                                            No. 12-2040-cv

PRUCO LIFE INSURANCE COMPANY,
                                *Defendant – Cross Claimant – Cross Defendant – Appellee*,

CLINTON H. BLOOD,
                                *Defendant – Cross Defendant – Cross Claimant – Appellee.*

_____

_____

[*]The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

THOMAS W. COSTELLO, Costello, Valente & Gentry, P.C., Brattleboro, Vermont, *for Plaintiff-Appellant*.

KAVEH S. SHAHI, Cleary Shahi & Aicher, P.C., Rutland, Vermont; STEPHEN L. BRACY, Alston & Bird LLP, Atlanta, Georgia, *for Defendant – Cross Claimant – Cross Defendant – Appellee Pruco Life Insurance Co.*

LUIGI SPADAFORA, JODY N. CAPPELLO, Winget, Spadafora & Schwartzberg, LLP, Stamford, Connecticut, *for Defendant – Cross Defendant – Cross Claimant – Appellee Clinton H. Blood.*

Appeal from the judgment of the United States District Court for the District of Vermont (Christina Reiss, *C.J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court entered April 17, 2012 is **AFFIRMED.**

Plaintiff-Appellant Kelli L. Corbeil ("Plaintiff") appeals from a judgment granting Defendants-Appellees summary judgment in this diversity action on all claims. On appeal, Plaintiff argues that pursuant to Vermont law (which all parties agree is applicable) a reasonable jury could conclude: (1) that Defendant-Appellee Clinton H. Blood's ("Blood") negligence in securing a life insurance policy (the "Policy") for her late husband William Corbeil ("Corbeil") caused her harm; (2) that Blood also breached a verbal contract with Corbeil to use reasonable skill, care, and diligence to procure the Policy, resulting in liability; (3) that Blood served as an agent for Defendant-Appellee Pruco Life Insurance Company ("Pruco") throughout the application process; and (4) that as a result of Blood's conduct as its agent, Pruco was estopped from rescinding the Policy after Corbeil's death. Because Plaintiff does not press any of her other claims on appeal, she has waived those claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (holding issues not raised in appellate brief are abandoned).

We review a district court's award of summary judgment *de novo*, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)).  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

1. *The Tort Claim*

Plaintiff first contends that Blood breached his duty of reasonable care in preparing a 2007 life insurance application for Corbeil and that, contrary to the District Court's determination, Blood's negligence directly and proximately caused Plaintiff's injury when Pruco rescinded the Policy following Corbeil's death in 2009.  We disagree.

Under Vermont law, a common law negligence cause of action includes four elements:  "(1) the defendant must owe a legal *duty* to conform to a certain standard of conduct so as to protect the plaintiff from an unreasonable risk of harm; (2) the defendant must have committed a *breach* of this duty by failing to conform to the standard of conduct required; (3) the defendant's conduct must be the *proximate cause* of the plaintiff's injury; and (4) the plaintiff must have suffered actual loss or *damage*." *Langle v. Kurkul*, 510 A.2d 1301, 1304 (Vt. 1986) (citing W. Prosser & W. Keeton, The Law of Torts § 30, at 164–65 (5th ed. 1984)).

Assuming *arguendo* that Blood did breach his duty to use reasonable care when he recorded inaccurate answers on Corbeil's May 2007 life insurance application to Pruco and did not review the answers with Corbeil in July 2007, *see Booska v. Hubbard Ins. Agency, Inc.*, 627 A.2d 333, 335

(Vt. 1993) (noting that an insurance agent has a duty "to use reasonable care and diligence to procure insurance that will meet the needs and wishes of the prospective insured, as stated by the insured" (internal quotation marks and citation omitted)), and that the Plaintiff has suffered some harm, we agree with the District Court that Plaintiff's claim fails because she has not adduced sufficient evidence to permit a reasonable jury to conclude that it was Blood's purported negligence – and not the independent omissions of Corbeil in signing the July 2007 Good Health Statement – that directly and proximately caused Plaintiff's harm. Pruco rescinded the Policy following Corbeil's death, citing not Blood's conduct in limiting the questions on the May 2007 application to events that had occurred in the past two months, but Corbeil's failure to notify Pruco of several medical events – including a CT scan that revealed a "1-cm spiculated lesion" in Corbeil's lung – occurring after the initial May application and before Corbeil signed the Good Health Statement on July 21, 2007. Plaintiff does not contend otherwise.

Plaintiff argues instead that Blood's purported negligence nevertheless caused her harm on the theory that, but for Blood's negligence in not thoroughly reviewing the May application with Corbeil (including its Certification Clause requiring Corbeil to "inform [Pruco] of any changes in [his] health, [or] mental or physical condition") in either May or June, Corbeil would have completed the July Good Health Statement accurately and the Policy would never have issued. Plaintiff, aware that her husband had no life insurance, would as a result have refrained from securing a loan that she contends she cannot now pay off. We agree with the District Court, however, that even assuming *arguendo* that but for causation could be established in this way, Corbeil's omissions on the July Good Health Statement constituted an intervening event that broke the causal chain. *See Collins v. Thomas*, 938 A.2d 1208, 1211 (Vt. 2007) (holding that proximate

4

cause does not exist where "the injurious consequences that flow [from the defendant's negligence] [are] diverted by the intervention of some efficient cause that makes the injury its own" (first alteration in original) (internal quotation marks and citation omitted)). Accordingly, Plaintiff is unable to establish causation as a matter of law. *See Roberts v. State*, 514 A.2d 694, 696 (Vt. 1986) ("Proximate cause is ordinarily an issue to be resolved by the jury unless the proof is so clear that reasonable minds cannot draw different conclusions or where all reasonable minds would construe the facts and circumstances one way." (internal quotation marks and citation omitted)).

2. *The Contract Claims*

Plaintiff next contends that sufficient evidence exists for a jury to find that Blood entered into a verbal contract with Corbeil to use reasonable care to secure a life insurance policy and that Blood breached that contract. However, we agree with the District Court that no reasonable jury could find in favor of Plaintiff as to this contract claim. Even assuming *arguendo* that such a verbal contract existed, there is no evidence that any contractual breach by Blood caused the damages that Plaintiff now claims. *See Smith v. Country Vill. Int'l, Inc.*, 944 A.2d 240, 243–44 (Vt. 2007) (noting that a breach of contract claim fails unless the plaintiff can show either "direct damages that naturally and usually flow from the breach itself, [or] special or consequential damages, which must pass the tests of causation, certainty and foreseeability" (internal quotation marks and citation omitted)). Accordingly, we affirm the District Court's award of summary judgment in favor of Blood on this claim.

As to Pruco Life Insurance Company, Plaintiff asserts, relying on *Middlebrook v. Banker's Life & Casualty Co.*, 234 A.2d 346 (Vt. 1967), that Pruco was estopped from rescinding the Policy on the basis of Corbeil's material omissions because Corbeil acted in good faith and his omissions

5

on the July Good Health Statement were caused by Blood's misconduct at a time when Blood was serving as Pruco's agent. Pruco counters that Blood was not acting as its agent, that Corbeil did not fill out the application in good faith, and that *Middlebrook*'s common law rule has been superseded by 8 V.S.A. § 3736, which permits rescission of an insurance policy because of a material misrepresentation by the insured, irrespective of the insured's good faith.

Assuming *arguendo* that a reasonable jury could find that Blood served as Pruco's agent and that Corbeil acted in good faith, we nonetheless conclude that Plaintiff's claim against Pruco fails because *Middlebrook* does not apply here. In *Middlebrook*, the insurance company was estopped from rescinding a policy on the basis of false answers supplied by the insurance agent without the insured's knowledge. 234 A.2d at 347–48; *see also Whitmore v. Mut. Life Ins. Co. of N.Y.*, 173 A.2d 584, 588–90 (Vt. 1961) (applying rule later adopted in *Middlebrook* to situation where rescission was based on false statements provided by underwriter without the insured's knowledge). Here, rescission was based on Corbeil's material omissions on the July Good Health Statement and not on Blood's alleged misconduct. *Middlebrook* is therefore inapposite on its own terms, and we need not address any inconsistency between it and 8 V.S.A. § 3736.

All arguments not otherwise discussed in this summary order are found to be moot or without merit. Accordingly, for the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6